NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WILD FISH CONSERVANCY,

Plaintiff - Appellee,

v.

KELLY SUSEWIND, in his official capacity as the Director of the Washington Department of Fish & Wildlife; BARBARA BAKER, in her official capacity as Vice Chair of the Washington Fish & Wildlife Commission; MOLLY LINVILLE, in her official capacity as a member of the Washington Fish & Wildlife Commission; JAMES ANDERSON, in his official capacity as a member of the Washington Fish & Wildlife Commission; JOHN LEHMKUHL, in his official capacity as a member of the Washington Fish & Wildlife Commission; WOODROW MYERS, in his official capacity as a member of the Washington Fish & Wildlife Commission; TIM RAGEN, in his official capacity as a member of the Washington Fish & Wildlife Commission; STEVE PARKER, in his official capacity as a member of the Washington Fish & Wildlife Commission; MELANIE ROWLAND, in

No. 24-2562

D.C. No.
2:21-cv-00169-JNW

MEMORANDUM*

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

her official capacity as a member of the Washington Fish & Wildlife Commission; LORNA SMITH, in her official capacity as a member of the Washington Fish & Wildlife Commission,

Defendants - Appellants.

Appeal from the United States District Court
for the Western District of Washington
Jamal N. Whitehead, District Judge, Presiding

Submitted June 13, 2025[**]
San Francisco, California

Before: S.R. THOMAS and KOH, Circuit Judges, and SILVER, District Judge.[***]

Appellants (collectively "WDFW") appeal the district court's grant of appellee's ("Wild Fish") attorneys' fees associated with time spent on work related to the original complaint which was later dismissed as moot by the district court. WDFW argues such an award of attorneys' fees violates the Eleventh Amendment because the fees (1) were not ancillary to a grant of prospective relief, and (2) were related to claims against an improper state agency party. We review for abuse of discretion, *Rodriguez v. Disner*, 688 F.3d 645, 653 (9th Cir. 2012), and we affirm.

Wild Fish brought this action seeking injunctive and declaratory relief

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation.

against WDFW for violations of section 9 of the Endangered Species Act ("ESA"). Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

WDFW's first argument fails because Wild Fish's fees related to the original complaint were ancillary to an award of prospective relief, that is, the district court's March 5, 2021 stipulated order. *See Missouri v. Jenkins*, 491 U.S. 274, 284 (1989) ("[T]he Eleventh Amendment has no application to an award of attorney's fees, ancillary to a grant of prospective relief, against a State."). The stipulated order prohibited, among other things, WDFW from collecting additional broodstock for the Skykomish Program and from releasing hatchery fish into Washington waterbodies until WDFW obtained the required ESA exemptions. WDFW contends, five days before Wild Fish filed suit, it assured Wild Fish it would not release fish from the Skykomish Program until ESA authorizations were in place. But as the district court aptly stated in its fee order, "[e]ven if [the stipulated order] required WDFW to do some of what it was already doing or planning to do, its behavior is now legally required rather than voluntary."

The district court dismissed Wild Fish's original complaint as moot after WDFW obtained the requisite ESA exemptions because "[i]t would be impossible for defendants to revert to operating the Skykomish Program *prior* to obtaining exemptions, and the Court is constrained to granting forward-looking relief."

WDFW argues this dismissal barred any prospective injunctive relief sought by Wild Fish in the original complaint. But WDFW ignores that the relief provided to Wild Fish in the stipulated order was the predicate for the dismissal of the later moot claim. Prospective relief on the original complaint was no longer necessary because the stipulated order—and the actions WDFW was compelled to take— already provided Wild Fish its requested relief.

Additionally, WDFW argues that all fees associated with claims that included a dismissed state agency should be barred. This argument is unavailing. Wild Fish filed the second amended complaint—the operative complaint in this case—for the purpose of removing the state agency as a defendant to comply with the Eleventh Amendment. The lawsuit from its inception included WDFW officials, and the fee order awarded fees only against those officials. That Wild Fish originally included an improper defendant does not bar recovery of attorney's fees where these proper agency officials were also parties to the case. Courts routinely award attorneys' fees against state officials. *See Ass'n of Cal. Water Agencies v. Evans*, 386 F.3d 879, 881, 888 (9th Cir. 2004) (awarding fees under the ESA against state officials); *see also Hutto v. Finney*, 437 U.S. 678, 692 (1978), *abrogated on other grounds as recognized by Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42, 56 (2024) ("Hence the substantive protections of the Eleventh Amendment do not prevent an award of attorney's fees

against the Department's officers in their official capacities."). The district court did not abuse its discretion.

**AFFIRMED**.